TRUSTEES OF NEW YORK & BROOKLYN BRIDGE, ETC., *v.* THIRD METH-
ODIST EPISCOPAL CHURCH OF BROOKLYN *et al.*

*(Supreme Court, General Term, Second Department.  March 26, 1892.)*

1. CONDEMNATION PROCEEDINGS—INTEREST ON AWARD—ENTRY OF "FINAL ORDER."
   Code Civil Proc. §§ 3371-3373, provide, respectively, that if the report of the com-
   missioners in condemnation proceedings be confirmed the court shall enter a final
   order, directing compensation to be made to the owner, and that, on payment
   thereof, plaintiff shall be entitled to possession, and that on entry of the final or-
   der the same shall be docketed as a judgment against the person who is to pay the
   compensation, and have all the force and effect of a money judgment. *Held,* that
   the "final order" was intended to immediately follow the confirmation of the re-
   port, and that the entry of such order must, in the absence of any provision in the
   statute to the contrary, fix the date from which interest must be computed on the
   award.

2. SAME—PLEADINGS.
   In such case defendant's motion for leave to enter "final judgment" must be con-
   sidered as a motion for the "final order" mentioned in section 3371.

Appeal from special term, Kings county.

Proceedings by the trustees of the New York & Brooklyn Bridge to acquire
title to real property owned by the Third Methodist Episcopal Church, of the
city of Brooklyn.   Plaintiff took judgment condemning the property May 23,
1891.   On July 24, 1891, commissioners made their report, fixing the value
of the property at $130,000, which report was confirmed October 24, 1891, by
order on that day entered in the clerk's office of Kings county.   On December
3, 1891, defendant served notice on plaintiff to take possession of the prop-
erty, and on December 19, 1891, moved that judgment be entered for the
amount of the award with interest from July 24, 1891, the date of the report.
From so much of an order denying interest from that date, defendant church
appeals.   Affirmed.

. Mr. Justice BARNARD delivered the opinion of the special term, as follows:
"This proceeding is properly taken by the plaintiff to acquire the lands of
the Third Methodist Episcopal Church, of the city of Brooklyn, and is under
and pursuant to the condemnation law, as provided in chapter 23 of the Code
of Civil Procedure.   No question is made as to regularity of the proceedings
under the statute, including the presentation of the petition, the decision
and judgment in favor of the petitioners, the order appointing the commis-
sioners of appraisal, and the report of the commissioners, and the confirma-
tion of their report, by the order of the court, of date October 24, 1891.   At
this stage of the proceedings, this motion is made: 'For leave to enter final
judgment herein upon the said report and award, and the order confirming
the same, and with interest thereon from the date of said report, to-wit, July
24, 1891,' and that the defendant the church be subrogated to the rights of
the other defendants by reason of having acquired or satisfied their claims
set forth in the report.   The statute very plainly points out the procedure.
By section 3371 it is provided that 'if the report is confirmed the court shall
enter a final order in the proceeding, directing that compensation should be
made to the owner of the property pursuant to the determination of the com-
missioners, and that upon payment of such compensation that plaintiff shall
be entitled to enter into possession of the property,' etc.   Section 3373 pro-
vides 'that upon the entering of the final order the same shall be attached to
the judgment roll in the proceeding, and the amount directed to be paid, etc.,
shall be docketed as a judgment against the person who is directed to pay the
same, and it shall have all the force and effect of a money judgment in an
action in the supreme court.'   Section 3374 provides for the abandonment of
the proceedings, at the option of the plaintiff, within thirty days after the
entry of a final order, and section 3375 provides for an appeal to the general
term from the final order.   The plain intent and direction of the statute is
that the 'final order' shall follow immediately and peremptorily upon the

confirmation of the report.· It provides, 'if the report is confirmed, the court shall enter a final order in the proceeding,' directing compensation pursuant to the determination of the commissioners; and the amount to be paid is to be forthwith docketed, with the force and effect of a money judgment in an action. Although the defendant in the notice of motion herein moves for leave to enter final judgment herein, it must be considered as a motion for the final order mentioned in section 3371, which is the proper and necessary order, following immediately upon the order of confirmation of the report, the last previous step in the proceedings. With this brief review of the statute, we can better pass upon the question of interest upon the award raised in the motion papers. Nothing in the statute indicates an intention that the award shall bear interest from the date of the report. The court, on motion to confirm, may confirm it, 'or may set it aside for irregularity or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient.' Section 3371. Nothing is to be considered as established as to the amount due until after the confirmation of the report, and then the immediate and imperative final order directing the payment of the award, and the immediate docketing the amount of the judgment pursuant to section 3373, and with all the force and effect of a money judgment in an action in the supreme court, 'with interest as an incident of the judgment, indicate an intent to fix the time when interest is to commence at the docketing of the judgment.' Under the general railroad act, in proceedings for condemnation of lands, it was provided that interest upon the award should run, not from the date of the report of the commissioners, but from the date of the order confirming the report. 2 Rev. St. (Banks' Bros. 7th Ed.) p. 1552, § 18. The consideration given for the present statute leads to practically the same result as to the time when interest should begin; for, as we have seen, the confirmation of the report, the final order directing payment, and docketing of the amount as a judgment bearing interest, are, in the intent of the statute, substantially simultaneous. It follows that the defendant is entitled to the final order directing payment of the award without interest, as it was entitled immediately upon the confirmation of the report. No question seems to be raised by the plaintiff as to subrogating the church to the rights and claims of the other defendants, the tenant and mortgagee, and the order may provide accordingly, although, if required by the plaintiff, the defendant should procure and file satisfactory releases by the mortgagee and tenant of their claims. Let the order be drawn accordingly, without costs to either party."

Argued before DYKMAN and PRATT, JJ.

*Bergen & Dykman*, (*James C. Bergen*, of counsel,) for appellant.   *W. J. Groo*, for respondent.

PRATT, J. The opinion rendered below covers about all the points necessary to a decision at this time. Nothing need be added to what that opinion holds in the construction of sections 3371–3374 of the Code. If the order confirming the report or the final order is to have the force and effect of a money judgment, it follows that it must bear interest from the date of its entry. There can be no objection to the entry of the final order concurrently with an order confirming the report. In fact, it could be done in one order, but a mere order confirming the report alone would not constitute the final order contemplated by the Code. It is the entry of the final order that must fix the date from which interest must be computed. The contention that a plaintiff may avoid payment of interest by neglecting to enter into possession cannot be sustained, either by reason or any proper construction of the statute. By such a theory the plaintiff could make the defendant become his tenant, with the rent fixed at the amount of interest upon the award. It is equally absurd, and amounts to the same result, to hold that as long as the plaintiff neglects

to take possession the defendant is liable for rents and profits, or a reasonable amount for rent.   In no case can the plaintiff in such a proceeding make the defendant his tenant against his will.   Undoubtedly an order confirming the report of commissioners can be made a final order, if it is in proper form; but in this case it was not done, and hence interest did not begin to run.   I do not deem it necessary to discuss the cases cited by the plaintiff's attorney; as they are not in point.   We think the order appealed from ought to be affirmed, with costs.